## Case No. 11,725.

### In re REYNOLDS.

[16 N. B. R. 176;[1] 5 N. Y. Wkly. Dig. 51.]

District Court, S. D. New York. Aug. 30, 1877.

BANKRUPTCY—COMPOSITION—PAYMENT INTO COURT—DEMAND OF PAYMENT.

1. Where notes given upon a composition settlement fall due pending action upon a petition to review the order of confirmation, and the petitioners refuse to receive payment, the money must be paid into court in order to absolve the bankrupt from liability.

---

1 [Reprinted from 16 N. B. R. 176, by permission.]

2. Under such circumstances, upon a subsequent demand of payment by the creditor, and refusal by the bankrupt, the former is entitled to a summary order for payment.

Motion to enforce the provisions of a composition by a bankrupt. The resolution of the creditors provided for the payment by the bankrupt [Alfred P. Reynolds] of his composition settlement in deferred payments, to be evidenced by the promissory notes of the bankrupt payable in six, nine and twelve months. In pursuance of the provisions of the resolution, the bankrupt delivered to the register having charge of the proceedings his promissory notes payable at the times provided for. The petitioners in this application were four creditors who had opposed the composition in the district court, and after the final order confirming the same was entered, had petitioned the circuit court for the said district to review the order. Before the hearing upon the petition in the circuit court, the deferred composition payments became due, and the bankrupt attended at the office of the register in pursuance of a notice sent to all of his creditors, and paid the notes of all excepting the petitioners, who did not appear to receive payment. Subsequently the petitioners demanded payment of their notes, which was refused.

E. H. Lewis, for the creditors.
A. C. Fransioli, for bankrupt.

BLATCHFORD, District Judge. I understand from the affidavit of the bankrupt, that on each occasion when each of the notes coming to each of the four unpaid creditors fell due, he had ready and in hand the money to pay them, according to the terms of the composition. In respect to such money, he was a trustee thereof for the creditors. Although a delivery of the notes to the register was a delivery of them to the creditors, so as to absolve the bankrupt from the necessity of making any other delivery of the notes to the creditors, yet, when the time came to pay the notes, it was the duty of the bankrupt, if he could find no one who would take the money for the four creditors, to pay the money into the bankruptcy court; and this all the more because he must have known that while those creditors were prosecuting their petition of review they would not take either the notes or the money. In fact, the affidavit of the bankrupt shows that the notes, when they severally matured, remained with the register, and it is to be inferred that the bankrupt then knew that fact. The bankrupt, even if he had tendered the money in each instance to each of the four creditors personally, would not have discharged his whole duty without paying it into court on their refusal to receive it, unless he was willing to take the risk of being ready to pay it whenever afterwards called upon to pay it. As it was, on the facts shown by him, he ought to have paid it into court.

If he had done so, he would have discharged

himself from responsibility. The creditors are entitled to an order that he pay them the money.